UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATHY BEEBE-HARRIS<br>　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Foreign Limited Liability Company,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00052-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Partial Motion to Dismiss (Dkt. 7). Plaintiff filed a notice of non-opposition to Defendant's Motion. (Dkt. 13). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide the motions based on the record. Dist. Idaho. Civ. Rule 7.1(d). For the reasons that follow, the Court will grant Defendant's motion to dismiss.

**ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kathy Beebe-Harris was hired by Amazon to work as a full-time fulfilment associate at its Nampa, Idaho facility on November 15, 2020. (Dkt. 1-1 ¶ 9). On March 10, 2021, Plaintiff injured her knee while working. (Dkt. 1-1 ¶ 11). As a result, Plaintiff opened a workers' compensation claim and underwent various medical treatments including a knee replacement. (Dkt. 1-1 ¶¶ 12-14). On February 14, 2022, Plaintiff's surgeon released her to return to work with restrictions, which Amazon accommodated. (Dkt. 1-1 ¶ 15). Plaintiff then received permanent restrictions following the completion of an Independent Medical Examination. (Dkt. 1-1 ¶ 18). Plaintiff alleges Amazon did not accommodate her permanent restrictions. (Dkt. 1-1 ¶¶ 20-22, 25-26).

During the summer of 2022, Plaintiff and Amazon engaged in settlement discussions with respect to her workers' compensation claim. (Dkt. 1-1 ¶ 23). On July 29, 2022, Plaintiff alleges that the attorney representing Amazon in her workers' compensation case informed Plaintiff's workers compensation attorney via email that she believed Amazon wanted Plaintiff to resign before the workers compensation case would be settled. (Dkt. 1-1 ¶ 23). Amazon terminated Plaintiff's employment on August 7, 2022. (Dkt 1-1 ¶ 24).

On October 26, 2023, Plaintiff filed a Complaint in the Ada County, Fourth Judicial District Court for the State of Idaho asserting two causes of action against Defendant Amazon: 1) unlawful discrimination for failure to accommodate in violation of the Idaho Human Rights Act ("IHRA"); and 2) wrongful termination in violation of public policy. (Dkt. 1-1 at 6-7). On January 30, 2024, Defendant timely removed this

**ORDER - 2**

action on the basis of this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446. (Dkt. 1).

Defendant filed a motion for partial dismissal, asking the Court to dismiss count two of Plaintiff's Complaint on the grounds that the IRHA provides a statutory remedy for her claim, no applicable public policy exists, and she failed to adequately plead causation. (Dkt. 7). Plaintiff submitted a notice of non-opposition to Defendant's motion for dismissal of count two. (Dkt. 13).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual context pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When evaluating a Rule 12(b)(6) motion, the Court must accept all material factual allegations as true and draw any reasonable inference in the non-moving party's favor. *Id*. However, the Court is "'is not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or

"[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). Leave to amend the pleading should be freely granted, unless a "pleading could not possible be cured by the allegation of other facts." *Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F2d 242, 246-47 (9th Cir. 1990).

## DISCUSSION

Defendant argues that Plaintiff's claim for wrongful termination in violation of public policy should be dismissed because Plaintiff cannot pursue additional remedies in common law based on the same set of facts for which there exists a statutory remedy. (Dkt. 7 at 7). Specifically, Defendant contends that count one of Plaintiff's complaint seeks redress for various violations of the IHRA and the common law wrongful termination claim in count two is premised on the same alleged violations of the IHRA. (Dkt. 7 at 7).

Idaho law provides a tort claim for termination in violation of public policy. *Bollinger v. Fall River Rural Elec. Co-op.*, 272 P.3d 1263, 1271 (Idaho 2012). However, where a statutory remedy is available for the same allegations that make up a common law public policy claim, the latter is precluded as duplicative. *Van v. Portneuf Med. Ctr.*, 212 P.3d 982, 991 (Idaho 2009); *see also Venti v. Xerox Corp.*, 2023 U.S. Dist. LEXIS 98833, at *26 (D. Idaho Jun. 6, 2023); *Jones v. Home Fed. Bank*, 2010 U.S. Dist. LEXIS 24819, at *4 (D. Idaho Mar. 17, 2010) ("[W]here a state statute provides remedies for violation of the same public policy, the state common law cause of action is no longer available."). To conclude otherwise would "allow plaintiffs to recover twice for the same underlying facts." *Van*, 212 P.3d at 991.

**ORDER - 4**

Applying this standard, federal courts have determined that statutory remedies under federal and state statutes for the same allegations asserted within a wrongful discharge claim preclude a separate and duplicative claim. *See McWilliams v. Latah Sanitation, Inc.*, 554 F. Supp. 2d 1165, 1185 (D. Idaho Mar. 5, 2008); *Loomis v. Heritage Operating, L.P.*, 2006 U.S. Dist. LEXIS 54144 (D. Idaho Aug. 3, 2006) (granting summary judgment in favor of Defendant on common law wrongful discharge claim because Plaintiff had statutory remedy under the IHRA and ADA).

In this case, Plaintiff's wrongful termination claim rests on the same alleged facts as her claim for discrimination and failure to accommodate under the IHRA. (Dkt. 1-1 at 6-7). Plaintiff has a statutory remedy under the IHRA for the allegations asserted in her wrongful discharge claim. Given the interaction between the statutory remedy and the common law cause of action, Plaintiff's allegations supporting her wrongful discharge claim are subsumed by her IHRA claim. Because Plaintiff's common law claim for wrongful discharge in violation of public policy is based on the same allegations as her statutory claim under the IHRA, count two of her complaint shall be dismissed.

Having determined that Plaintiff's common law claim for wrongful termination is precluded as a matter of law as duplicative, the Court need not address Defendant's arguments regarding whether Plaintiff has an actionable public policy claim or the sufficiency of her pleadings in count two. Accordingly, Defendant's motion to dismiss Plaintiff's claim for wrongful termination in violation of public policy (Count II) is granted.

**ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's partial motion to dismiss (Dkt. 7) is **GRANTED** and Count II of Plaintiff's Complaint is dismissed with prejudice.

DATED: April 25, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge